IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DIAMOND ASSET LLC,

                       Plaintiff,                                   ORDER

    v.

                                                                  18-cv-568-wmc

E-TECH ASSETS LLC,

                       Defendant.

Plaintiff Diamond Assets LLC alleges that defendant E-Tech Asset LLC violated the Lanham Act, 15 U.S.C. § 1125, by infringing plaintiff's trademarks and trade dress. Plaintiff moved for a preliminary injunction, which defendant failed to oppose. The parties, however, reached a stipulation on a preliminary injunction, which the court accepted and entered an order enjoining defendant during the duration of this action from using the E-Diamond Logo and the ETECHASSETS mark, among other marks. (9/12/18 Order (dkt. #22).) Before the court is plaintiff's motion for finding defendant in contempt of the court's preliminary injunction order. (Dkt. #27.)

As detailed in plaintiff's submission, while defendant appeared to comply initially with the court's order, a subsequent visit to defendant's website on October 5, 2018, revealed that defendant continued to use the E-Diamond Logo and ETECHASSETS marks on its Facebook, Linked-In and Twitter pages, all of which were linked to defendant's website, and in PDFs available on the website's resources page. (Galster Decl. (dkt. #29).) Plaintiff seeks (1) an injunction requiring same-day compliance with the order; (2) enhanced damages under 15 U.S.C. § 1117(a); (3) payment of plaintiff's reasonable attorneys' fees incurred in preparing and arguing this motion; and (4) any additional relief

the court deems just. (Dkt. #27.) The court set a response date of October 12, 2018. Unfortunately, that date has passed without any response from defendant or any indication that it intended to respond.

In determining whether to hold a party in contempt, the moving party must establish by clear and convincing evidence that "(1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). The court's September 12, 2018, order enjoining defendant's use of certain marks was unambiguous, and plaintiff has demonstrated that defendant violated that order by failing to remove the marks from its social media accounts and PDFs readily-accessible from its website. Furthermore, while defendant apparently stopped using the alleged infringing marks on other parts of its website, its failure to remove all marks, including from its linked social media accounts, shows a lack of diligence on its part. As such, the court will grant plaintiff's unopposed motion.

As for the relief plaintiff seeks, the court will direct defendant to immediately comply with the September 12, 2018, order. The court will also award plaintiff its reasonable attorneys' fees incurred in preparing this motion for contempt. Finally, the court will fine defendant at the rate of $500 per day, commencing October 24, 2018, for any continued violations of the court's September 12, 2018, order. As for plaintiff's request for enhanced damages, the court will postpone any decision until an award of

damages is actually made.

ORDER

IT IS ORDERED that:

1) Plaintiff Diamond Assets LLC's unopposed motion for contempt (dkt. #27) is GRANTED.

2) Defendant E-Tech Assets LLC is held in civil contempt and directed to comply immediately with the court's September 12, 2018, order (dkt. #22).

3) Plaintiff is awarded its reasonable attorneys' fees in bringing the present motion. Plaintiff may have until October 31, 2018, to submit its request for attorneys' fees, including itemized time records and proof of hourly rates. Defendant may have until November 7, 2018, to file a response. If defendant challenge the reasonableness of plaintiff's fee request in that opposition, defendant's counsel shall also contemporaneously submit its itemized time records, invoices and proof of payment of such invoices.

4) If defendant fails to comply with the court's September 12, 2018, order, the court will fine defendant at the rate of $500 per day, commencing October 24, 2018.

Entered this 17th day of October, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge